CHIASSON, Judge.
This suit is before this Court on a Rule to Show Cause why the appeal of Jonathan C. Harris, plaintiff, should not be dismissed for failure to timely perfect the appeal.
The plaintiff, individually as a resident and taxpayer of the State of Louisiana and as a representative of the class of all other residents and taxpayers of the State of Louisiana, brought an action against the Board of Trustees of the Louisiana Public Facilities Authority (LPFA), First Louisiana Development Corporation, and the State of Louisiana, defendants, challenging the constitutional validity of the LPFA and the validity of actions taken by the LPFA in authorizing the issuance of $5,725,000.00 in bonds to be sold to fund facilities and equipment for Saint Charles General Hospital in New Orleans.
A trial on the merits was held and on June 10, 1977, the District Court rendered *959 judgment against the plaintiff. In its judgment, the District Court held in part that the LPFA was entitled to invoke the special summary procedures of the Bond Validation Act, La.R.S. 13:5121, et seq.
On June 15, 1977, the plaintiff filed a motion for a new trial. The State of Louisiana on June 17, 1977 filed a Motion for Appeal which was granted and made returnable to this Court on June 30, 1977. The motion for a new trial was heard on June 24, 1977, and, for oral reasons assigned, denied. At that time the plaintiff made an oral motion for appeal. This motion was granted by the District Court and was also made returnable to this Court on June 30, 1977.
Under the provisions of the Bond Validation Act, supra, an appeal from a final judgment of the District Court must be taken within ten days from the date on which the judgment of the District Court is entered. R.S. 13:5128. At issue in the Motion to Dismiss is whether the provisions of the Bond Validation Act are controlling in this case so that the appeal taken on June 24, 1977, fourteen days after entry of judgment, is untimely.
In holding that the provisions of the Act did apply the District Court stated:
“The defendants contend that this case can only be tried according to the special summary procedures of the Bond Validation Procedures Act, R.S. 13:5121, et seq. “For the reasons set forth in its prior ruling on exceptions by the defendants and for the reasons set forth above in these Reasons for Judgment, this court reiterates its finding that the LPFA is not a governmental unit.
“Governmental unit status is an additional benefit given to a public trust over and above those powers and rights provided by Act 135 under which the LPFA was formed. If the LPFA wishes to acquire governmental unit status as provided by Act 699, it must amend its Indenture to conform to the requirements of Act 699.
“However, after further reflection, the court notes that R.S. 9:2341 does not state that public corporations formed under Chapter 2-A of Title 9 will be governmental units, but that such trusts will be public corporations subject to certain enumerated public laws and, ‘. other general laws governing the conduct of public corporations and governmental units.’ While the LPFA, a public trust formed under Chapter 2-A of Title 9, is not a governmental unit, it is subject to the laws governing governmental units, one of which is the Bond Validation Procedures Act. Therefore, this court now holds that the LPFA is entitled to invoke the provisions of R.S. 13:5121, et seq., in further proceedings.”
Written Reasons for Judgment, VIII, pg. 27.
As was recognized by the District Court the LPFA is not a “governmental unit” as defined by R.S. 13:5121. R.S. 13:5121(2)[1] provides a definition of “governmental unit” which was interpreted by this Court in the case of The Board of Trustees of the East Baton Rouge Mortgage Finance Authority v. All Taxpayers, Et Al., Etc., La.App., 336 So.2d 306, (1st Cir. 1976), to mean, “only the state and such political subdivisions, commissions, authorities, and other similar agencies of the state having authority to issue bonds paid from public revenue sources or secured by the pledge of the full faith and credit of the state or some political subdivision or agency of the state.”
*960 As to the final category included in said statute, this Court held:
“. . .we note that all other entities listed in the definition of governmental unit contained in subject statute are either created or governed by the state or a parish or are agencies created pursuant to legislative act. In each of the enumerated categories the governmental unit is one which involves the public fisc in that each is an agency which issues bonds payable from public revenues or taxation, or which pledge the full faith and credit of the state or a political subdivision to further secure payment. We think it reasonable to presume that the legislature intended the concluding category found at the end of the definition of ‘governmental unit’ to refer only to districts, boards, authorities and agencies possessing the same characteristics as those previously enumerated.”
On the basis of this definition of “governmental unit”, this Court determined that the East Baton Rouge Mortgage Finance Authority, a public trust of the same nature as the Louisiana Public Facilities Corporation, a defendant in this case, was not a “governmental unit” which could invoke the provisions of R.S. 13:5121, et seq.
Defendants contend that R.S. 13:5121(2) has been tacitly amended since the decision in the East Baton Rouge Mortgage Finance Authority case by Act 699 of the 1976 Regular Session of the Legislature amending the Louisiana Public Trust Act to make such public trust subject to the laws governing “governmental units” of the State of Louisiana.
A careful review, without going into too much details on this Motion to Dismiss, of Act 699 of the 1976 Regular Session, does not indicate any intent of the Legislature to amend R.S. 13:5121, et seq., or the jurisprudence contained in the East Baton Rouge Mortgage Finance Authority case. At this time we will note only that R.S. 9:2344(B) provides:
“Any obligations issued by a public trust under this Chapter shall not constitute or create any debt or debts, liability or liabilities or a loan of the credit of or a pledge of the faith and credit of the beneficiary of the state or any political or governmental unit thereof but shall be solely the obligation of the public trust.”
Further, the provision that trusts created pursuant to R.S. 9:2341 will be public corporations subject to certain enumerated public laws and, “. . . other general laws governing the conduct of public corporations and governmental units” (emphasis added) does not subject such trusts to the general laws governing “governmental units”, as contended by mover herein.
We, therefore, conclude that the special summary procedures of the Bond Validation Act do not apply in this case and that the appeal was timely taken.
The Motion to Dismiss the appeal is denied.
MOTION DENIED.

. R.S. 13:5121(2) provides:
“ ‘Governmental unit’ means the State of Louisiana, municipalities, parishes, parish and municipal school boards and districts, levee boards and districts, housing authorities, bridge authorities, community improvement agencies, redevelopment agencies, all other political subdivisions of the state, units of local government and nonprofit corporations created by or governed by the governing authorities of parishes or municipalities, any special service districts, such as water, sewerage, garbage and lighting districts created by or pursuant to legislative acts and any other districts, boards, authorities, and agencies of the State of Louisiana authorized to issue bonds.”