Dear Mr. Manuel:
You have requested an opinion of the Attorney General on behalf of the Calcasieu Parish Public Trust Authority (Authority). You specifically ask whether the Authority can legally award a $75,000.00 grant to Habitat for Humanity: Calcasieu Area, Inc. (Humanity), for the purpose of partially funding the construction of five houses for low income families in Calcasieu Parish. In this connection, you further ask whether the Authority constitutes a "political subdivision" as that term is used in Article VII, Section 44 of the Louisiana Constitution of 1974. If so, you ask what effect Article VII, Section 14 of the Constitution has on the Authority's ability to award the grant.
In the case of Bertrand v. Sandoz, 255 So.2d 754 (1971) the court was faced with the question under the Public Trust Act of 1970, the forerunner to Louisiana's present Public Trust Law (LSA-R.S. 9:2341 et. seq.,) as to whether a local public trust was subject to the State Bond and Tax Board, predecessor to the State Bond Commission.
The Bertrand decision held that a local trust created by a hospital service district is, in reality, not a political subdivision of the state and that inasmuch as the statute mandating State Bond and Tax Board approval did not expressly extend to public trusts, the legislature had intended that they not be regulated by the Bond and Tax Board.
The case of Harris v. Trustees of Louisiana Public Facilities Authority, 356 So.2d 1039, (La.App. 1st Cir. 1977), Rehearing Denied, citing Bertrand, held that the LPFA is a "public corporation." The court cited the analysis of the trial court as to the nature of LPFA:
 "It is clear that a public trust authority created under the Public Trust Act is neither a political subdivision of the State nor a municipal corporation. It is a unique creature of the Legislature designated as a `public corporation' in R.S. 9:2341. It is a corporation created by the Legislature and empowered to act for public purposes. The establishment of such an entity has been said to be within the constitutional powers of the Legislature by the Supreme Court."
Furthermore, in the decision of Harris v. Trustees of the Louisiana Public Facilities Authority, 358 So.2d 958, (La.App. 1st Cir. 1977), the court stated:
 "Further, the provision that trusts created pursuant to R.S. 9:2341
will be public corporations subject to certain enumerated public laws and, `. . . other general laws governing the conduct of public corporations and governmental units' (emphasis added) does not subject such trusts to the general laws governing `governmental units,' as contended by mover herein."
Thus, as can be seen from the above citations, public trusts created under the provisions of LSA-R.S. 9:2341, et. seq., do not constitute political subdivisions of the State of Louisiana, but rather public corporations.
LSA-R.S. 9:2341 authorizes the creation of public trusts. It provides, in pertinent part, the following:
 "A. Express trusts may be created or amended to issue obligations and to provide funds for the furtherance and accomplishment of any authorized public function or purpose of the state or of any parish, municipality, political or governmental subdivision or any other governmental unit in the state in real or personal property, or either or both, or in any estate or interest in either or both, with the state, or any such governmental unit as the beneficiary thereof . . . . The beneficiary of any such trust is authorized to utilize the trust to issue obligations to accomplish any of the foregoing authorized public functions or purposes of the beneficiary. . . .
 B. For purposes of this Chapter, authorized public functions or purposes of the state and of any parish, municipality, political or governmental subdivision or any other governmental unit in this state, except as otherwise and to the contrary provided by the laws of this state, shall mean and include, but not be limited to: . . . housing, mortgage finance and related services, activities, facilities and properties . . . ."
As can be seen from the above language, the Authority is empowered to issue obligations and provide funds for housing, mortgage finance and related services. Thus it is our opinion that this authority extends to a grant to Humanity to partially fund the construction of five houses for occupancy by low income families in Calcasieu Parish. However, any funds so awarded should be surplus funds of the Authority, and not funds dedicated for another purpose.
Trusting this opinion adequately answers your questions, I am
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH, III:lbw-0072R