Dear Mr. Hines:
On behalf of the Rapides Parish Housing Mortgage Finance Authority (the "Authority"), you have requested the opinion of this office regarding whether certain excess funds of the Authority, not pledged to secure bonds, are subject to the provisions of La. Const. Art. VII, Sec. 14, which provide, in pertinent part:
 ". . . the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private . . ."
The Authority is a public trust established in accordance with the provisions of R.S. 9:2341, et seq.
It is our understanding that the funds in question were obtained by the Authority, the sole issuer of a single family revenue bond issue, when the bond issue was refinanced and restructured last year. None of the funds in question were obtained from Rapides Parish or any other governmental entity. You have advised that the Authority is considering using these funds for the purpose of making loans to and/or guaranteeing the debts of private companies, in the interest of economic development. We assume that this activity is authorized pursuant to the Authority's Indenture.
It is the opinion of this office that the funds in question are not subject to the prohibitions contained within Art. VII, Sec. 14, for the reason that such funds are not the funds of the "state or of any political subdivision". The funds in question are the self-generated revenues of the Authority, and are not "public funds".
In reaching this opinion we are guided by the decisions rendered in Harris v. Trustees of Louisiana Public Facilities Authority, 356 So.2d 1039 (La.App. 1st Cir, 1977) ("Harris I"), which relied upon the decision of the Louisiana Supreme Court styled Bertrand v. Sandoz, 255 So.2d 754 (La. 1971) and Harris v. Trustees of Louisiana Public Facilities Authority, 358 So.2d 958
(La.App. 1st Cir., 1977).
The Harris I decision states, in pertinent part:
 "It is clear that a public trust authority created under the Public Trust Act is neither a political subdivision of the State nor a municipal corporation. It is a unique creature of the Legislature designated as a `public corporation' in R.S. 9:2341." (At p. 1041.)
Although these decisions are concerned with the issuance of debt by public trusts, as opposed to the ability of these trusts to loan funds to, or guaranty the debts of, private entities, the cited cases all determine that the funds administered by public trusts are not part of the public fisc.
We caution the Authority that any loans or guaranties made by it should only be made if same will bring about economic development which will benefit the Authority's public beneficiary, Rapides Parish, by providing jobs or other advantages, in order to insure compliance with the provisions of the Public Trust Act. The Public Trust Act requires that activities undertaken by public trusts must be in aid of the public welfare.
Regarding the LPFA, the beneficiary of which is the State of Louisiana, Harris I, states:
 "A public purpose for the LPFA would be any `authorized or proper function' of the State of Louisiana. A public function of the State is any function designed to improve or protect the general welfare of the people of the State. The LPFA is authorized to act in the furtherance of the general welfare of the public. Any activity which it undertakes must be scrutinized in that light. Activities which it might undertake which are not designed to aid the public welfare are not authorized." (Harris — 356, at p. 1043, emphasis added.)
Trusting this adequately responds to your request, I remain,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jav 286n